The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. All right, good morning, at least I think it's still morning. Welcome to the Fourth Circuit. We're going to hear argument in two cases this morning. Please be seated. All right, and our first case is Black v. Mantei & Associates. Whenever counsel is ready, Mr. Jones. Thank you, Your Honor. May it please the Court, Josh Jones on behalf of the appellants in the Black v. Mantei. After almost six years, more than five years of litigation, we still don't really know what this case is about. The complaint alleges fraud in connection with the sale of hundreds of unnamed securities. In 2019, we rightfully removed the case pursuant to SLUSA, and the motion to remand was denied. However, plaintiffs were allowed to amend, and the first amended complaint disclaimed any claims involving covered securities. At the time, defendants had not been provided with any list of securities. Right, so at that point, you should have known what the case was about, but go ahead. Well, at that time, we had not been provided with a list of covered, of any securities supposedly at issue. We did not have any clarity with respect to the claims. The plaintiffs could have made clear about which securities they were suing about. They could have identified them by name or by CUSIP, but they chose not to do so. And the district court relied on plaintiffs' claim that this case was not about covered securities, but in direct contravention of that claim, and not until years later, they submitted an expert report alleging damages for investments in dozens of covered securities. But couldn't the state court, wouldn't the state court have jurisdiction to decide that issue? We have the option under SLUSA, and Kersher, and Cyan, to elect to have the federal court make that determination. On what possible basis do you think you do? Like, help me understand. Your brief doesn't tell me. Like, on what possible basis do you think that is true? Please tell me what statute you think you fall under, and tell me why you think you fall under that statute, because it bedevils me. So SLUSA, the plain terms of SLUSA provide that a covered class action shall be removable to the federal court. Okay. And so tell me why the fact that an expert has a different view about what's covered security and what's not, why that makes this a covered action? Because that was in other paper. It puts those... No, no, not the other paper. You're wrong about that too. But tell me why the fact that there's a disagreement about what is a covered security, why in the world that makes this case a covered action? Kersher provides that... Why it makes it a covered action is because it meets all the other parameters. Tell me one parameter it meets that's relevant here, and that is, does it include covered securities? Yes, it does. And why do you think that? Because they are claiming damages for covered securities, despite... No, they are expressly not. They are expressly not doing that. You disagree with the expert. People disagree with experts all the time, right? Like whether it's in or out, I totally get there's a disagreement. I don't know whether these are covered or not. But what I know is their claim, their complaint, only includes those securities that are not covered. And so I cannot, for the life of me, figure out why in the world you think that this is a covered action. The choice to have a federal court involved is to determine whether it's a covered action, not whether a given security falls in that definition or not. Two points, Your Honor. First of all, the complaint sleuths is an exception to the well-plaid complaint rule, and the court should look outside of the terms of the complaint. Only if it's a covered action. Correct. It only looks outside if it's a covered action. We look at the complaint to determine if it's a covered action. The court's very clear about that. We don't look beyond the complaint to determine if it's a covered action. In this circumstance, you have to, Your Honor. In this circumstance, the issue of federal preclusion and whether it's a covered security are the same analysis. Because the district court has already decided that we meet the first three parameters. What changed between the removal, the first remand and the second removal was the covered securities analysis and whether or not they were, in fact, at issue. Tell me, maybe I'm still bedeviled, but tell me why it is that you think a federal court is required to determine whether that expert is correct or not. You do not have a covered action, right? The question is whether this particular security is in or out because the complaint is only about non-covered actions, non-covered securities. And so why do you, I just am having a hard time understanding. That means it's not a covered action. It doesn't fall under the statute and you're sort of asserting that, you know, well, we want you to decide this defense. I'm, I mean, put aside that the argument already been rejected. I don't understand that at like a base level. Like, walk me through why it is that you think your defense here gets you into court under this statute. Because the statute says if it's a covered action, it's removable. And whether or not it's a covered action isn't limited to the plain terms of the complaint. SLUIS is an exception to the well-pled complaint rule and the court is able to consider other factors outside of the complaint, including I think the expert report. So what's the, tell me where I should look to determine, to say the best cases you've got that tell me when I determine whether something is a covered action, that I look beyond the complaint to other questions. Like where, who, who tells me to do that? Who tells me to look beyond the complaint to determine just this narrow question of whether this is a covered action? I think Kersher can be read that way, your honor. Kersher says... In what way? Please tell me what in Kersher suggests that. Kersher says a defendant can enlist the federal judiciary to decide preclusion. To decide whether it's a covered action based on the complaint. Kersher also says that you can't appeal it. That's correct. And the district court says what you were doing in effect was appealing or asking her to reconsider the original remand. I guess, I guess what I'm concerned about is that if you all were in a position where the state court could not do anything, I mean, but you, you could have made the same arguments before the state court and the state court could dismiss it if it was covered, right? Yes, your honor. However, under our reading of Kersher, we have that option. We have the option for the state court to, to make that determination. And, and state court says, or excuse me, Kersher says the defendant can elect to leave a case where the plaintiff filed it and trust the state court to make that preclusion determination. The, the inference from that is that's our decision to whether or not to do so. But I, but Kersher says and 1447D says this is that the remand, the original remand is not appealable. That's correct, your honor. And we did not appeal the original remand. What we did was remove under changed circumstances. And the changed circumstances were, despite their representation in the first amendment complaint, this covered securities weren't at issue. Well, lo and behold, the first time we get any list of the securities that are at issue, they include covered securities. You mean, you allege they include covered securities. They have an expert that says they're not covered. You said that they are covered. Their expert in opposing has filed a supplemental report in which he admitted effectively that the Barclay securities that resulted in the second removal were covered securities. So, so when it goes back in state court, it's now not going to include those securities. If you're right, it's not going to include them, right? It should not, your honor. Is there anywhere other than Kircher that I should look for this idea that determining whether an action is a covered action, that I should look beyond the complaint? Like any, it just, I mean, I, I will go back and reread Kircher. I do not think that it says what you represent to me that it says, but I will read it very closely. But is there anything else that I should look at or another way of saying it? Was there anything else that would have supported a good faith belief that we, that, that you would have had to had to remove the case other than Kircher? Are you telling us that the only thing you're relying on is Kircher? No, no, your honor. Okay. What else, what else should I look at to imagine a good faith belief that you could remove this, this second time? The plain terms of Slusa. Okay. What about the plain terms of Slusa? A covered security shall be removed. Excuse me. A covered class action. And I'm trying to determine how I determine what a covered action is. And I'm saying you can't rely simply on the terms of the first amendment complaint, given the well-plaid complaint rule and that the. That you cannot rely on the complaint because of the well-plaid complaint rule. You cannot rely. The red plus complaint rule tells us to only rely on the complaint. I'm sorry, an exception to the red. This is Slusa is an exception to the well-plaid complaint rule. It's only an exception if it's a covered action, right? It's not an exception if it's not a covered action. So you can't rely on it being an exception to get in the door. The question is, why do I look past the complaint, which is what your argument has to be premised on. In other words, the well completed complaint rule does not apply to determining whether this is a covered action. What I'm asking for is what in possibilities that I could look at to identify a good faith basis for that argument. Because I have not found it and that's what I'm looking for. And your brief doesn't provide it to me. And the argument that I've laid out is the cursor argument. I think we also had a good faith basis for removal based on a reasonable reading of the remand order, the first remand order. I think a reasonable reading of that remand order provided us with a reasonable grounds for. So what about the remand order would have supported the belief that you do not apply the well pleaded complaint rule to determine what is a covered action? I mean, that's the fundamental question, right? And what I haven't gotten an answer from and that's totally fine, right? The real answer might be you just have no answer. But I'll ask it one more time and then I'll stop. Other than Kircher, which I'll bracket for a minute, is there anything I should look at to support a good faith belief that in determining whether something is a covered action, we look beyond the complaint? I think you can look at the Romano case from the Second Circuit in 2010, where the case says Slusa was an exception to the well pleaded complaint rule. And the court was, quote, free to look beyond the face of the amended complaint to determine whether they allege securities fraud in connection with a purchase or sell of securities, end quote. And so under Romano, the court is free to look beyond the face of the amended complaint to determine whether these plaintiffs allege securities fraud in connection with a purchase or sell of covered securities. Why not just look at the remand order itself, where the court actually already resolved this the first time when it said that it contemplated that the very scenario that has arisen here, that the parties may eventually disagree over whether a particular investment is precluded under Slusa, that's at the remand order at three. And the court said it determined such a scenario would fail to divest the state court of jurisdiction or allow removal. Yet you tried it again anyway. Yes, your honor. I believe the order has to be read consistent with Kersher and Cyan and has to give us the opportunity to remove a Slusa covered class action. I would say that the order that was entered was obviously entered at the time in the circumstances before the court. And the court in that matter had an amended complaint in which it disclaimed any damages. But then an expert report was submitted in which they sought damages for covered security. All right. Thank you. Do you have another question? Can I just ask you one question on that issue? What do you do with our decision in Barlow that says a reconsideration, so a refiled removal order to reconsider is barred by 1447 C? I don't believe that applies here. Why? That's what I want to understand. Yes, we did. We did not move for reconsideration of the remand order. Not in letter, but in spirit. You certainly did. Could be read that way. Did that answer your question? Yeah. All right. You've reserved seven minutes. All right, Mr. Humphrey. May it please the court. The resolution of the question presented is straightforward. Because the district court previously rejected the basis for the appellant's second removal, the district court did not abuse its discretion in finding that appellants lacked an objectively reasonable basis to remove again and awarding the class representatives their attorney's fees and costs. And because section 1447 C is a traditional fee shifting statute, this court should also award the class representatives their attorney's fees and costs on appeal. As to the underlying fee award. Can you start with the last point for just a second for me before I forget it? So 1447 C authorizes the district court to do things. It doesn't seem like it authorizes us to do anything. How do I read 1447 C where it says, I don't have it in front of me, but the fees may be awarded by the district court in the remand order? We obviously are not issuing a remand order and we are not such a court. Can you help me understand how you would like fit in the statute?  So 1447 C does not limit fees being awarded in the remand order. This case law is saying that a fee award is a separate issue from the underlying remand order itself. And 1447 C just says you can get attorney's fees and costs incurred as a result of the removal. And this court held in Enright Crescent City. I'm sorry, you probably had the language there. I don't have it in front of me right this second. It just says that you can get attorney's fees in connection with a remand order. What is the language? They require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal. And this court held in Enright Crescent City states that 1447 C is a traditional fee shifting statute. And the Supreme Court has commanded that when evaluating fees... Wait, but I thought 1447 C, I just found it. It says an order remanding the case may require, right? And so we don't have an order remanding the case. That's been done, right? So what that 1447 C says to me is that an order remanding the case may include, may require these payments. But we don't have, we are not issuing an order remanding the case. So how do we include appellate attorney's fees in an order remanding the case? Because, well, two responses to that question, Judge Richardson. First of all, again, courts have treated the award of attorney's fees as a separate issue from an order remanding a case. And there's case law about how it doesn't have to be in the remand order. You can move for a fee award under... Is that something that's bonding on us that we would ignore the statutory language? I know for that specific issue, that has been addressed by other circuits. I can't remember if it's been addressed. But in any event, the court's order remanding the case did require payment of attorney's fees and costs. But the question is, we don't have one today. And then I'll stop with this.  Is there any reason that we should read that statute more broadly than that it may require in the order? Yes, absolutely. But again, in very crescent city estates, this court characterized 1447 C as a traditional fee shifting statute. And the Supreme Court has said when interpreting and evaluating what fees to award under a traditional fee shifting statute, the case is to be evaluated, quote, as an inclusive whole rather than atomized line items. And across the circuits, including within this circuit, the general rule is that appellate fees are awarded when successfully defending a fee award made under fee shifting statutes. And this court routinely awards appellate fees. In Plyler v. Evatt, it did so in a civil rights case. But when the statutes permit it, right? I mean, those are statutes that don't limit the award to the order remanding the case. Well, you get your fees for whatever results you obtain in the district court. And then when you go up on appeal, even if there's some modification or limitation of that initial award, if you're still a prevailing party after all that, this court has routinely said that you're entitled to your appellate fees for defending that award. And the Seventh Circuit put it quite well. The rationale of fee shifting rules is that the victor should be made whole, should be as well-off as if the opponent had respected his legal rights in the first place. This cannot be accomplished if the victor must pay for the appeal out of his own pocket. And the result needs to be the same under Section 1447C. The appellants cite no case law saying that appellate fees are not awarded under 1447C, or indeed under any traditional fee shifting statute. And it's unsurprising that the operative language in 1447C isn't so much in an order remaining the case, because the order remaining the case gave us our attorney's fees. The issue here is incurred as a result of the removal. The second part of that sentence, and our fees and costs here... And so the fees and costs that you've incurred in this appeal would not have happened but for the removal? That's exactly right. What you're... all right. And the Seventh Circuit in Ustock v. Fairman, which this court cited in Plyler, said we have no choice but to incur these fees or forfeit the result that we obtained in the district court. If we didn't put forth the time and effort to defend the fee award, then we wouldn't have a fee award if we didn't defend it on appeal. And time and time again, we see courts across the country, including this court and other circumstances, that has addressed 1447C, but in other fee shifting statutes says you are entitled to your awards on appeal, because otherwise the award you receive in district court is going to be diminished. Can I ask one more question on this? And I'm happy for you to get to the merits here. Does this question matter at all because Rule 38 of the Federal Rules of Appellate Procedure give us the authority to award appellate fees for any frivolous arguments? Isn't that effectively the same standard that you're asking us to apply under 1447C? Rule 38 would allow you to award appellate fees for frivolous arguments. 1447C, as the Seventh Circuit characterized it, would be automatic. You wouldn't have to make a finding that the appeal was frivolous to award fees under 1447C. The appellants have a statutory right to appeal, but as with any fee shifting statute, you can exercise that right, but if you lose, you bear the burden of that and have to pay the other side's fees and costs. So 1447C would allow the court to award attorneys fees and costs without having to make the finding that- But that all turns on agreeing with the Seventh Circuit that there's an automatic aspect to 1447C in the appellate court. Yes, if the court would have to find that there is an automatic right, we certainly believe that there is. We think the Seventh Circuit had a right, not just standing alone, but considering even the cases from this circuit awarding appellate fees under other fee shifting statutes. But yes, if the court were not to find that the fee award would be automatic, it would absolutely have its discretion to award fees under Rule 38. And just last point on this, and then I'll move on. The fees that you're- The only fees that- The only money you're seeking here are attorneys fees, right? Rule 38 talks about just damages, which include damages resulting from delay. You're not suggesting here that we should award some sort of interest on the value of the case, given the delay that was caused by the- No, we might ask for- Removal. For your post-judgment interest, depending on how- But not in this case. But not in this case. Certainly, there's post-judgment interest running on the district court's fee award right now, but we wouldn't ask this court to award anything in addition to our attorneys fees- That's all you're asking for, is the point. That's correct, that's all we're asking for. Returning to the first issue, this court should affirm the underlying fee award for three reasons. First, a district court previously held that disputes about whether a given product is a covered security do not create federal question jurisdiction. The opponents knew that the state court would be the body to resolve those questions, but they admit to nevertheless removing again to have the federal court resolve them, despite the court's prior order. And so we start with what the district court said when first remanding this case. The court held that the first amended complaint automatically excludes covered securities and quote, eliminates the possibility that the suit will ever implicate recovery for them. And at that point, it was clear that this was not a covered action because the first amended complaint properly excludes covered securities. The court held this was not a covered action under SLUSA. Following that finding, the court unmistakably held that there would be no federal question jurisdiction to decide future disputes about whether a given product is a covered security and therefore in or out of this case. At page 3869 of the JA, the court held very plainly the fact that a court might need to later make preclusion determinations on individual products associated with purportedly fraudulent acts is insufficient to create a federal question. And appellants concede here at page seven of their reply brief, as they must, that the court's ruling applies to future disputes over whether a given product is a covered security. And this was not some drive-by ruling from the district court. The appellants asked the district court to rule on this very question when they opposed our renewed motion for remand. So it's your position that the state court judge could have decided the issue regarding your expert witness in Barclays if it was covered or uncovered? That's exactly right. That's precisely what Judge Lewis and her order directed the state court to do. The state court is an equally competent body to make this determination. And because this was not a covered action, because the complaint itself does not seek recovery for covered securities, the sort of ancillary determination of whether a product is a covered security and therefore in or out of our complaint was well within the district court, well within the state court's power, and as the district court found, failed to sufficiently implicate the federal policy requiring the exercise of federal jurisdiction. So what's your response to your colleague's suggestion that we don't look at just the complaint to determine whether it is a covered action, but instead we can look at an expert report to determine that there might be a federal question that is raised? Well, here, I don't think we can look to the expert's report for that issue. Our complaint had a self-executing exclusion for covered securities. And as Judge Lewis held, that eliminates the possibility that covered securities would ever be part of the relief that we seek. And the claims that we have in this case, they all are created by state law. And SLUSA is not a preclusion statute. SLUSA does not preclude state law. It merely erects a procedural bar to certain class actions. It does not otherwise say that if you have a covered security, you can't sue individually on that basis. It just says if you have a covered security and you're trying to have a class action, you can't use the class action device. But otherwise, state law remains intact. But as the Supreme Court held in Chadburn versus Park, SLUSA expresses no concern over non-covered securities. So to determine whether there's a sufficient federal question here, you have to have both a substantial question of federal law, and that question has to be one upon which the relief sought depends. That was this court's holding in Dixon versus Coburg-Derry. And here, our relief doesn't depend on federal law. The relief depends solely on state law because the relief sought is only for non-covered securities. The question certainly isn't substantial because Congress directed that non-covered securities will remain in state court. If you have a removal every time... Is the substantiality question you're raising for like federal question, or is that also implied of SLUSA's removal? Well, it's the baseline rule for federal question, which is what they removed. Now, they removed alleging that because we are seeking, in their view, because Dr. McCann's report included products he didn't call covered securities, but they say are covered securities, that that sufficiently created a federal question for the district court to decide. And Judge Lewis held in July of 2020 that that does not create a federal question. They have no right to come to federal court to have that specific question answered in light of her prior holding that the complaint itself automatically excludes covered securities. And her finding back in July of 2020, as a matter of law under Section 1447D, is non-reviewable. As final binding, the district court couldn't reconsider it. This court can't consider it. And in 3J Farms versus Alton Box Company, this court took an expansive and broad view of the prohibition found in 1447D, particularly language by appeal or otherwise. And I think, Judge Thacker, your question during my friend's argument was that. It may not have been a notice of appeal from Judge Lewis's order, but that's what it is in spirit. And they're actually quite open about that. Your view is that the otherwise includes removing again on the same legal theory that the court rejected before. That's exactly right. That's what otherwise encompasses. That's exactly right. And the courts have been unmistakably clear that that's what otherwise includes. You can't remove twice on the same ground. And here, they can't plausibly argue that the district court didn't already answer the question. District Court squarely did. You heard this in my friend's argument. He said, well, the district court's original order has to be read in light of Cyan and Kirshner. What he's saying is he thinks the district court was wrong the first time. And they're quite open about this in their brief. They repeatedly state that the district court could not divest them of the right to avail of a federal forum. And in their reply brief at pages six through seven, they openly ask for this court to say that the district court's original remand order was wrong, and that therefore, they had an objectively reasonable basis to do that. But that directly violates section 1447D. It also doesn't make any sense. If the district court can't change its mind on its prior decision, then there's no point to a second removal. The result is going to be the same. And all you've accomplished is wasting the party's time, wasting the court's time, and needlessly delaying the case. That concept of an argument is relevant, if at all, following a first removal, or first remand. If Judge Lewis, when first remanded the case in 2020, had awarded attorney's fees and costs, maybe then they could have said, as was the case in common cause, that if this was a close call, we had a reasonable basis to try this. We lost, we get it, but attorney's fees and costs shouldn't be awarded. That argument evaporates the moment you try to remove again on the same ground. Because at that point, it doesn't matter. Would that be different in your view with this automatic rule? The district court would lack the authority to sort of say that fees aren't awarded then? The automatic rule is, if you successfully defend a fee award on appeal, following the Seventh Circuit's cases, we think the appellate fee should flow automatically. And you think that the Seventh Circuit rule reads that only for appellate courts? Correct. That's the context in which the Seventh Circuit spoke. If you're defending a fee award on appeal, that under 1447C, then your fees and costs incurred on appeal are automatic. The district court still has discretion to award fees in the first instance. And the court here probably exercised her discretion when she looked back at the prior remand order, said, I told everybody that future disputes over a product, whether it's covered or not, or in or out case, that's not gonna give me jurisdiction. You removed again anyway for that same reason, their briefing to the district court was open about it. They wrote to the district court when opposing our motion for remand after second removal, that we removed for the district court to make this determination of whether these Barclays products are covered securities or not. So she looked at the case and correctly said, this is what I told y'all was gonna happen three years ago. Nothing has changed. It seems that you're just trying to remove this case again to get me to change my mind. So I'm going to find there's no objectively reasonable basis to remove and award attorney's fees. Do you think it would make a difference here if hypothetically, obviously, but hypothetically, Judge Lewis's first ruling was wrong. Just hypothetically accept that it was wrong, but it was issued and no appeal was taken. Bracket whether appeal could have been taken, but if no appeal was taken and they re-remove, would it make any difference to the determination for attorney's fees purposes if her first decision was wrong? It would not because the decision say, whether the district court was right or wrong, it's remand order. That does not matter. This court addressed the question in 3J Farms versus Alton Box Company and say, cases can't ricochet back and forth between state court and federal court based on the most recent determinations of a federal judge. Under principles of federalism and principles of comedy, once a district court speaks and sends the case back, that ends the matter. No matter how wrong you think the district court was. This is the end otherwise part of 1447 C. That's correct. This is an unbroken line of cases that say, right or wrong, when the district court sends it back, that ends the discussion. So when you have the second removal on the same ground, whether you think there was a good faith basis or whether you think there was a colorful argument, that's not the question. The question simply is, did the district court already answer the question? Because if the district court did answer the question, then that ends the matter. And this is the very sort of, I think the Sixth Circuit called the procedural fencing that 1447 D was designed to present or designed to prevent. I also want to draw the court's attention to my friend's argument claiming that they had no idea what this case was about. But when they removed this case the first time, they understood the product's efficient because they found some products which were at issue, which they believed recovered securities and that formed the basis of their first removal. They had plenty of notice for what this case was about. And the list of products that we had came from them. They were the only ones in this case who had a list of all the products at issue because they were the ones who sold them. And after the case was remanded, the first time we submitted requests for admission to the appellants. It had their list, all the products that were initially part of Dr. McCann's report, and asked them to admit or deny whether they were covered securities or not. And that included the 37 Barclays notes that formed the basis for their second removal. And they responded and objected by saying, that's a question of law for the court to decide. And specifically for the state court to decide. They quoted Judge Lewis's order which said this is for the state court to decide and does not create federal question jurisdictions. They knew well where the issue was going to be resolved. Have you argued that that request for admission was the other piece of paper that first put them on notice? I mean, in theory, you could have said that that is what put them on notice if you're asking them to admit or deny. That's not an argument we made below. We've made some other arguments about other papers, but we did not reference the request for admission. But also Dr. McCann's report, there's been some confusion about what it says, at least from the other side. But Judge Richardson, I think you summarized it correctly. Judge, Dr. McCann's report excluded covered securities. He excluded 222 covered securities and said that the ones at issue here were not covered securities. They say they are. This is the precise question that Judge Lewis held almost five years ago. But doesn't he say the Barclays is covered? Dr. McCann's report? Barclays, yes. He does not say the Barclays products are covered securities. He includes the Barclays notes in the category of non-covered securities. They had an affidavit from an in-house lawyer saying they were covered securities. That's what they attached to the second notice of removal. But Dr. McCann said they're not. They said they are. That's the dispute that Judge Lewis held nearly five years ago needs to be decided by the state court. And that formed the basis for her attorney's fee award. One final question. Is the state court action now ongoing? Yes, it is. It has not been delayed while this appeal has taken place? Well, this appeal has not been delayed, has been prosecuted. The state court has not been delayed. The state court has in fact certified the class while this appeal has been pending and we're moving forward in state court. All right, thank you. Thank you. To address the question that was just asked about the Barclays securities, their expert filed a supplemental report in response in their reply to the motion to remand. And in that report, and we've argued this and set this out in our brief, he effectively admitted that the Barclays are in fact covered securities. So that was the reference there. Judge Richardson, in reference- Just because you, I'm not sure why I care about this, effectively, when you use that word, it suggests to me that he didn't actually admit it. So when you say effectively, can you tell me what you mean by that? Yes, your honor. He admitted that there were, that those notes were senior to securities that were publicly traded on an exchange when purchases by the class members were made. He took issue with the fact that some class members may have made some purchases after those securities were withdrawn from the market, but he did not deny that the Barclays securities, that there were publicly traded securities that were junior in seniority to the Barclays notes at issue in this case. And by doing that, he has effectively admitted that they are in fact covered securities. At least for part of the class for part of the time. Correct. But maybe not for all of the class for all of the time. He identified four securities that there may have been purchases made after that, four of the, I think it's 37 Barclays securities. Your honor, I also wanted to point to the Rowinsky case out of the third circuit. No matter how an action is pled, it is a covered class action involving, if it is a covered class action involving a covered security, removal is proper. Kerensky, which is a Southern district case, denied the plaintiff's motion to remand and held that Slusa removal was proper, despite a complaint expressly stating this is not an action for fraud. And that's essentially what they've done. They've said, this is not an action for covered securities and our position is that the district court on the second remand was fully capable of looking at their expert report to determine that in fact, they were covered securities and therefore this was a covered class action and precluded by Slusa. Can you address, I know you said it doesn't apply, but can you address the argument about otherwise that otherwise in 1447, is it C or D, whichever one it is, includes a re-removal on the very same grounds that were addressed before? Yes, sir. They've admitted in their brief that the fourth circuit has not decided the issue of fees on appeal for 1447. It's not a traditional fee shifting statute. No, no, I'm not asking about, I want to come back to the appellate issue, but I mean, why your second removal on the same ground that was rejected before is not barred under 1447 C, which prohibits the review by the reconsideration by the district court or otherwise? The grounds were different, your honor. The circumstances had changed. Why were the ground, I understand the facts may have changed, but articulate for me why the circumstance was different because the first time you said, it needs to be here because we need you to decide whether securities are covered. And then you come back and you say, we need you to decide whether securities are covered. The circumstances have changed. In what material way? The material way that the disclaimer in the first amended complaint was no longer valid because they had specifically made a claim for damages despite their artful pleading. I'm not, I'm not that familiar with South Carolina rules, I will confess, but is there a South Carolina rule that allows an expert to amend a complaint by virtue of their report? No, but it does change the circumstances and this court and the trial court, the district court, excuse me, what was certainly authorized to look beyond the terms of the complaint and deciding whether or not it needed to decide the jurisdictional issue. That's really what we're, What are you, what's your response to the opposing counsel's position that he went through and read Judge Lewis's order remanding that she goes in detail as to what, if there are any disputes, that those need to be handled in the state court. The response is that language has to be read in the context of Kershaw and Slusa. And that provides us, it provides defendants with the right to remove a covered class action. It says the defendants can elect to have the federal court. Is that different than just saying she got it wrong? I mean, is that just saying she got it wrong, which might, I mean, you know, doesn't seem like it, but. I think she was, I do think she got it wrong, but yes, it is different because the difference is that the circumstances then before the court were different at the time of the second removal. They were exactly what you anticipated was going to happen, right? They were what you anticipated, that they were going to try to slide in covered securities on the back end and that the state court was not going to be good enough to fix that problem. I mean, that was your concern the first time. That seems to be your concern the second time. That's just to say that Judge Lewis got it wrong and that we shouldn't trust state courts with Kershaw tells us that we can do. Well, Your Honor, and I want to be clear that we've made, we've not impugned the integrity of the state court and our ability and our trust in the state court to make those determinations. We were moved under Kershaw because we had the option. Kershaw and Slusa gives defendants the option to stay in state court or to remove to federal court. The language is clear and we were moved to federal court in order to have the preclusion determination made and that respectfully was our right. I think under the law and certainly it was reasonable, objectively reasonable for us to have the belief that that was our right under state law. Just to give you a chance to respond to the argument I talked to your colleague about under Rule 38, we're obviously permitted to award fees for frivolous appellate arguments. Do you have a view? We can do that. Do you have a view on whether your arguments are frivolous? I'm sure you do, I want to give you the opportunity to provide it. Thank you, Your Honor. Our view is that they are not frivolous, that we read Kershaw and Cyan to say exactly what they say, which is defendants have the right to remove to federal court, defendants have the right to have the preclusion determination made by a federal judge and that the federal judge can't punt that determination to the state court. Is that different? Is there anything different between that argument and the argument you made in the district court? So if we found the district court argument to be frivolous, is there an argument that it's, that this, the arguments on appeal aren't frivolous? You just made the district court argument, which I totally understand the arguments you're trying to make. And the argument, I don't know if this was set forth in the district court, and it's the argument I made earlier about a reasonable reading of the district court's initial remand order. That it was certainly, that we certainly had an initial the reading of that initial remand order was reasonable and that we relied on that reasonable reading and removing the second. Thank you. All right. Thank you for your arguments. We're going to come down and greet counsel and then proceed to our final case.
judges: Stephanie D. Thacker, Julius N. Richardson, DeAndrea Gist Benjamin